1
2
3
4
5
6
7
8   UNITED STATES DISTRICT COURT
    WESTERN DISTRICT OF WASHINGTON
9   AT SEATTLE

10  LYDIG CONSTRUCTION, INC.,

11              Plaintiff,                      CASE NO. C08-349RSM

12      v.                                      ORDER GRANTING MOTION FOR
                                                REMAND
13  CARPENTERS HEALTH AND SECURITY
    TRUST OF WESTERN WASHINGTON, et al.,
14

15              Defendants.

16

17      This matter is now before the Court for consideration of plaintiff's motion for remand. Dkt. # 3.

18  Although defendants have opposed the motion, the Court finds, for the reasons set forth below, that

19  remand is appropriate, and grants plaintiff's motion.

20      Plaintiff filed this action in Snohomish County Superior Court, alleging a state law cause of action

21  for declaratory relief regarding a payment bond. No claim is asserted under federal law; instead plaintiff,

22  a construction company, anticipated that defendants, a collection of union benefit trusts, would sue to

23  recover for the default of a subcontractor on unpaid benefit contributions[1]. Plaintiff sought in state court

24

25  ---

26  [1] The subcontractor is Healthy Homes NW, LLC. The trusts' suit against the subcontractor is before this Court. *Carpenters Retirement Trust of Western Washington, et al., v. Healthy Homes, et al.,*
    C08-289RSM.
27

28  ORDER GRANTING MOTION FOR
    REMAND - 1

a declaration that the Employee Retirement Income Security Act ("ERISA") preempts the claim asserted by the trusts against plaintiff.  Defendants removed the case to this Court, alleging original federal question of the preemption issue raised by plaintiff's state court complaint, but without citing to any specific statutory provision.  Plaintiff has moved for remand on the basis that no federal question is presented in the well-pleaded state court complaint.

This Court has already considered the precise issue presented here, and that consideration resulted in remand of the action. *See, Vision Builders, Inc., v. Board of Trustees of the Masonry Security Plan of Washington, et al.*, C06-268JLR, Dkt. # 9.  The Court there stated the long-established rule that removal to federal court generally requires that a federal claim appear on the face of the well-pleaded complaint.  However, in a declaratory judgment action like the one here, the Court does not consider the complaint, but rather how the complaint would have looked were the party seeking affirmative relief.  *Id*., citing *Arizona v. Atchison, Topeka & SF RR Co*., 656 F. 2d 398, 401-02 (9th Cir. 1981).  Here, had the trusts brought an action for recovery against Lydig Construction on the performance bond, that action would have arisen solely under Washington law. *Id*.  The fact that Lydig asserts ERISA preemption as a defense against that suit does not create an issue arising under federal law.  *Id*., *citing Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 16 (1983).  Thus "if, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state created action, jurisdiction is lacking." *Franchise Tax Board*, 463 U.S. at 16.

The additional bases for jurisdiction asserted in defendant's opposition, namely "ERISA § 515 and 501(g)(2)" and "LMRA § 301" do not support removal, as neither basis was stated in the Notice of Removal as required by 28 U.S.C. § 1446(a).  Nor do these sections appear anywhere in the well-pleaded complaint.  Accordingly, plaintiff's motion for remand is GRANTED, and this case is hereby REMANDED to the Snohomish County Superior Court, Cause No. 08-2-02458-8.

Plaintiff has requested attorney's fees under 28 U.S.C. § 1447(c), which states that a court remanding an action to state court "may require" payment of just costs and actual expenses, including attorney's fees incurred as a result of the removal.  Such award is generally made only where the

ORDER GRANTING MOTION FOR
REMAND - 2

removing party lacked "an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).  Although it could be argued that defendants lacked an objectively reasonable basis for removal due to the Court's earlier ruling, the Court now declines to order payment of the requested attorney's fees for two reasons.  First of all, the fee request is not properly signed by the attorney as required.  Dkt. # 7, p.2.  Second, the hours stated are unreasonable in light of the fact that plaintiff's motion in this case is substantially identical to the one filed in *Vision Builders*, C06-268JLR, Dkt. # 4.  All that was necessary was a minor edit with respect to citations to paragraphs in the complaint, and other areas.  The argument, citations to legal authority, and formatting remain essentially unchanged.  As the plaintiff's law firm has already recovered $4,000 for the research and writing on this motion, the Court declines to order more.  *See,* C06-268JLR, Dkt. # 9.

The Clerk shall close this file and send a certified copy of this Order to the Clerk of Court for the Snohomish County Superior Court.

DATED this 28th day of March, 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION FOR REMAND - 3